MEMORANDUM ****
Lilia Ervandovna Atayan, a citizen of Armenia, petitions for review of the order of the Board of Immigration Appeals (“BIA”), which denied Atayan’s application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (“CAT”). We deny the petition.[1]
In reviewing the BIA’s order denying claims for asylum and withholding of removal, we must determine whether the decision is supported by substantial evidence.[2] Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir.2007). “[W]e may grant the petition for review only if the evidence presented by [the petitioner] is such that a reasonable fact-finder would be compelled to conclude that the requisite fear of persecution existed.” Khourassany v. INS, 208 F.3d 1096, 1100 (9th Cir.2000) (emphasis added); see also INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (“To reverse the BIA finding we must find that the evidence not only supports that conclusion, but compels it....”).
The petitioner bears the burden of proving asylum eligibility. See 8 U.S.C. § 1158(b)(1) (2002). To be eligible for asylum, an applicant must establish that she is a refugee — specifically, that she is unable or unwilling to return to her country because of “persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.”[3] Id.; see also id. § 1101(a)(42)(A); Ahmed, 504 F.3d at 1191. “In order to establish eligibility for asylum on the basis of past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is ‘on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either ‘unable or unwilling’ to control.” Navas v. INS, 217 F.3d 646, 655-56 (9th Cir.2000) (footnotes omitted).
Atayan has not met her burden to demonstrate that she was raped by agents of *64 the Armenian government or forces that the government was unwilling or unable to control. Atayan testified that the police would have arrested her attackers if she had reported the rape to the police or sought medical attention.'[4] The IJ’s and BIA’s orders both refer to this testimony. Accordingly, Atayan’s asylum claim fails for want of evidence that she was persecuted by the government or forces that the government was unable or unwilling to control. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005) (“Even if we were to assume ... that Castro-Perez is a member of a particular social group and that the rapes she suffered were persecution because of her membership in that group, her asylum claim fails because she has not shown that an agent of the government of Honduras committed the rapes, or that the government of Honduras is unable or unwilling to control rape in that country.”).
Additionally, Atayan has not demonstrated that she was persecuted on account of her ethnicity. Under our “mixed motives” line of cases, Atayan has not produced “evidence from which it is reasonable to believe that the harm was motivated, at least in part, by an actual or implied protected ground.” Borja v. INS, 175 F.3d 732, 736 (9th Cir.2000) (en banc). Her attackers’ statement, “get away,” does not compel reversal of the BIA’s order.
We also deny Atayan’s claims for withholding of removal and CAT relief. Atayan’s claim for withholding of removal fails because she did not meet her burden under the less-stringent asylum standard. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (“[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.”). Also, Atayan abandoned her claim for CAT relief by failing to support it with argument in her opening brief. See Fed. R.App. P. 28(a)(9)(A) (stating that appellant’s brief must contain her “contentions and the reasons for them, with citations to the authorities and parts of the record.... ”); Castro-Perez, 409 F.3d at 1072 (“Because Castro-Perez has not ‘specifically and distinctly argued and raised’ the issue of relief under the Convention Against Torture, she has waived that claim” (citation omitted).).
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of tltis case, we repeat them here only as necessary to the disposition of this case.

. We accept Atayan's testimony as true because neither the IJ nor BIA made an adverse credibility finding. See Krotova v. Gonzales, 416 F.3d 1080, 1084 (9th Cir.2005).

. In 2005, Congress enacted the Real ID Act, which amended, in part, the evidentiary burden placed on an asylum petitioner to show a causal nexus between persecution and a protected ground. Congress replaced the “on account of” standard in 8 U.S.C. § 1158(b)(l)(i) with an arguably more restrictive causation standard. See Parussimova v. Mukasey, 533 F.3d 1128, 1133 (9th Cir.2008). Now, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(l)(B)(i) (emphasis added). This "one central reason” standard does not apply here because Atayan filed her asylum application before 2005.

. Atayan did not claim, until filing her brief with this court, that government actors raped her or that the Armenian government was unable or unwilling to control her attackers. Her brief asserts that the police would not have assisted her in prosecuting the rapists, stating: “Petitioner knew the police would not assist her in prosecuting the assailants even though she could identify them.” (Appellant's Opening Br. 20.) This statement is not supported by the record and is, in fact, directly contradicted by Atayan's own testimony.